Filed 1/29/14  P. v. Murillo CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. REY ARMANDO MURILLO, Defendant and Appellant. | D064485 (Super. Ct. No. SCD235095) |

APPEAL from a judgment of the Superior Court of San Diego County, Charles G. Rogers, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.

Rey Armando Murillo was charged in a fourth amended information with 22 felony counts of sex offenses involving children.  He entered into a plea agreement, under the terms of which he pleaded guilty to three counts of forcible child molestation (Pen.

Code,[1] § 288, subd. (b)(1)), and one count of lewd acts upon a minor (§ 288, subd. (a)). Murillo also admitted the acts involved substantial sexual conduct and agreed to a prison sentence of 36 years.

Prior to sentencing Murillo filed a motion under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*), seeking to replace appointed counsel and seeking to set aside his guilty pleas. Both motions were denied. Thereafter the court sentenced Murillo to a determinate term of 36 years in prison in accordance with the plea agreement.

Murillo filed a timely notice of appeal and requested a certificate of probable cause (§ 1237.5). The request for a certificate of probable cause was denied.

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), raising possible, but not arguable issues. We offered Murillo the opportunity to file his own brief on appeal, and he has done so. We will consider his contentions below.

STATEMENT OF FACTS

This conviction arises from a guilty plea. Thus we take the summary from the probation report. The offenses at issue here involve Murillo's molestation of his daughter from age 6 through age 13.

Murillo's plea occurred after the jury in his trial had been impaneled. Prior to his plea the trial court engaged in lengthy discussions with Murillo and fully advised him of

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

his rights. The parties agreed that the transcript of the preliminary hearing would be used by the trial court as the factual basis for the guilty pleas.

At the sentencing hearing probation was denied and Murillo was sentenced to a prison term of 36 years. In addition the court imposed a restitution fine of $300, a security fee of $40 for each count, and a court facilities fee of $30 for each count. There were no objections to the imposition of the sentence or fees imposed.

## DISCUSSION

## I

### *MURILLO'S CONTENTIONS*

Murillo raises issues "on the record" and "off the record." As to the on the record issues, Murillo asks that we determine if there was a factual basis for his plea and whether the court erred in denying his *Marsden* motion.

The record demonstrates the trial court utilized the transcript of the preliminary hearing to determine the factual basis for the pleas and that the court had read the transcript and found a factual basis.

In sum, Murillo's supplemental brief, and his discussions with the court at the July 11, 2013 *Marsden* hearing involved his contention he was in Mexico when he committed the acts alleged in count 2 of the information. That issue had been the subject of an in limine motion and motions at the preliminary hearing. The trial court expressly found there was a factual basis for finding the acts in count 2 were committed in California.

3

Murillo did not obtain a certificate of probable cause as required by section 1237.5 and thus cannot challenge the validity of his plea. (*People v. Panizzon* (1996) 13 Cal.4th 68, 75.) With regard to the denial of his *Marsden* motion brought after the plea, we have read the transcript of that motion. Again it was based on Murillo's contention his counsel had misled him about his plea because count 2 was committed in Mexico. The trial court properly denied his request to relieve counsel and to vacate his guilty plea.

Murillo's request for this court to "look into" the question of effective assistance of counsel is candidly listed as "off the record" material. That is, there is nothing in the record on which we could assess the adequacy of counsel's preplea investigation. Accordingly, Murillo's remedy, if any, is by way of petition for writ of habeas corpus, filed in the trial court. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 267.) We offer no opinion on the possible merits of such issue.

II

*WENDE BRIEF*

As we have indicated, appellate counsel has filed a brief indicating he is unable to identify any argument for reversal and asks this court to review the record for error as mandated by *Wende, supra*, 25 Cal.3d 436. Pursuant to *Anders, supra*, 386 U.S. 738, the brief identifies the possible, but not arguable issues:

1. Whether the amounts of the court security and facility fees were properly imposed on counts which were committed prior to changes in the law?

2. Whether Murillo received appropriate conduct credits?

4

We have reviewed the entire record in accordance with *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738 and have not found any arguable appellate issues. Competent counsel has represented Murillo on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

AARON, J.

IRION, J.